IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOE GREGORY, as Special Administrator
of the Estate of Cynthia Gregory,
Deceased and WRONGFUL DEATH
BENEFICIARIES                                                                    PLAINTIFF

v.                        No. 4:25-cv-390-DPM

UNIVERSITY MARKHAM HOLDINGS,
LLC; JONES LANG LASALLE
AMERICAS, INC., d/b/a LaSalle Partners
Management Services, Inc.; UNIVERSAL
PROTECTION SERVICE, LLC, d/b/a
Allied Universal Security Services, LLC;
JOHN DOES 1–3; and JOHN DOE
ENTITIES 1–3                                                                     DEFENDANTS

PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree that good cause exists to protect the confidentiality of certain information and documents (including documents stored in any electronic format) that may be produced in discovery or offered into evidence at the trial of this case. The confidentiality of this information and documents shall be preserved under the terms of this Protective Order.

**1.** Personnel files, policies and procedures, contracts between the defendant entities and any other party, and other documents proprietary to the entities or their vendors that are normally kept secret and that derive independent value from being kept secret and records which contains sensitive personal identifier information (PII) or personal health information shall be treated as Confidential Information.

**2.** When designating information or documents as "Confidential," the parties shall stamp "CONFIDENTIAL" on the applicable pages or to specific citations within pages prior to production. The parties will make effort to limit claims of confidentiality to specific citations such as sentences, paragraphs, or page ranges. To designate an interrogatory response as confidential, the answering party must insert the word "CONFIDENTIAL" to the portion or portions of the information or items that warrant protection under this Order. If timely corrected, a party's inadvertent failure to designate information or items as confidential does not, standing alone, waive the party's right to secure protection under this Order for that material.

**3.** The designating party has the burden to show designated information is confidential, but the receiving party must treat as confidential all designated information until the designating party removes its designation or the Court rules that the information is not

confidential. If the parties cannot agree on a designation or otherwise have a dispute arising under this Order, the parties must notify the Court for resolution of any discovery disputes pursuant to the Final Scheduling Order, *Doc. 13 at 3*.

4. Confidential Information shall only be used for the purpose of this litigation. Specifically, this material may not be provided to other attorneys or litigants in other lawsuits or in potential lawsuits.

5. Confidential Information may not be given, shown, made available, or communicated to anyone except the following:

    a. The Court and its staff;

    b. Counsel for plaintiffs and counsel for defendants who are actively engaged in the conduct of this litigation and to their staffs to the extent reasonably necessary to render professional services in the litigation;

    c. The parties to the litigation, including their officers, directors, partners, managers, members, employees, and independent contractors;

    d. Any experts or consultants of the parties, including their employees, associates, and support staff retained by a party for the preparation or trial of this case;

    e. Deponents and trial and hearing witnesses;

    f. Court reporters, videographers, and other support staff engaged for depositions;

      **g.**    The original author or recipient of a document containing the information or their custodian; and

      **h.**    Any other person this Court may order.

**6.**    If documents described in this Protective Order are provided to any expert or consultant of the parties, that person shall sign an acknowledgement that he or she has read this Protective Order and agrees to abide by the same.

**7.**    All social security numbers, wage information, financial information, and medical information shall be redacted from personnel files or contracts and financial or business agreements before being produced to any party.

**8.**    The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before filing under seal.  If an entire page contains information designated as "confidential," substituting a page marked "Redacted" is an acceptable redaction method.  If redaction is impracticable, a party must move for permission to file any information designated as "confidential," and any related motion, brief, or paper containing that material, under seal.  The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation of why redaction cannot be done.

**9.**    Within ninety days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, confidential documents and all copies in print (other than exhibits of

record), or in any type of electronic format shall be returned to the party which produced the documents or destroyed. Within this same ninety-day period, all counsel to whom "CONFIDENTIAL" materials have been produced shall verify in writing to counsel for the producing party that all "CONFIDENTIAL" materials and all copies of the same in any format have been returned to the producing party or destroyed.

10. This Order will remain in effect for one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 July 2025