## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

JOE GREGORY, as Special Administrator
of the Estate of Cynthia Gregory,
Deceased and WRONGFUL DEATH
BENEFICIARIES                                                    PLAINTIFF

v.                              No. 4:25-cv-390-DPM

UNIVERSITY MARKHAM HOLDINGS,
LLC; JONES LANG LASALLE
AMERICAS, INC., d/b/a LaSalle Partners
Management Services, Inc.; UNIVERSAL
PROTECTION SERVICE, LLC, d/b/a
Allied Universal Security Services, LLC;
JOHN DOES 1–3; and JOHN DOE
ENTITIES 1–3                                                    DEFENDANTS

## ORDER

Abdelrahmanahmed Sallam tried to rob Cynthia Gregory one evening in the Park Plaza Mall parking lot. He shot her twice. She died. Sallam was charged with capital murder and aggravated robbery. He's awaiting trial. Mrs. Gregory's husband and special administrator of her estate, Joe Gregory, has sued the mall's owner (University Markham Holdings), its property manager (Jones Lang Lasalle Americas), the mall's security company (Universal Protection Service), and many John Does. Negligence in various particulars is alleged.

The owner and property manager seek summary judgment, relying on a fairly recent Arkansas statute about foreseeability in these circumstances.

The deep issue is the mall owner's, and the property manager's, duty to Mrs. Gregory, an invitee on their premises. Their duty is defined by the reasonably foreseeable risks to her.

> The concept of actionable negligence is relational because an act is never negligent except in reference to, or toward, some person or legally protected interest. In other words, a negligent act is one from which an ordinary prudent person in the actor's position—in the same or similar circumstances—would foresee such an appreciable risk of harm to others as to cause him not to do the act, or to do it in a more careful manner.

*Hill v. Wilson*, 216 Ark. 179, 183, 224 S.W.2d 797, 800 (1949) (Leflar, J.); *see also Gann v. Parker*, 315 Ark. 107, 110, 865 S.W.2d 282, 284 (1993); *Ethyl Corp. v. Johnson*, 345 Ark. 476, 481, 49 S.W.3d 644, 648 (2001); *Boren v. Worthen National Bank of Arkansas*, 324 Ark. 416, 425, 921 S.W.2d 934, 940 (1996). To show foreseeability, Mr. Gregory points to other prior crimes at Park Plaza. He also asks for a delay to do more discovery.

Neither the history nor any undiscovered fact, though, affects the new statutory rule of law governing these sad circumstances: a third-party's crime on real property isn't foreseeable to those with an

interest in that property.  The General Assembly adopted Ark. Code Ann. § 18-11-108 in 2019.  The statute provides:

> (a) A criminal act committed on real property by a third party is not foreseeable in any circumstance by a person having an interest in the real property, including without limitation:  (1) An owner;  (2) A landlord;  (3) A tenant; or  (4) A lienholder.
>
> (b) Except as provided in subsection (c) of this section, a person having an interest in real property shall not be liable to a licensee, invitee, trespasser, employee, agent, or any other person for the unforeseeable criminal acts of a third party committed on his or her real property.
>
> (c) This section does not:
>
>> (1) Establish or repeal the doctrine of *infra hospitium*, which means in the care or custody of the innkeeper, or change the liability of an innkeeper or the operator of a public lodging;  and
>>
>> (2) Expand or reduce the obligation or liabilities of an employer or principal for criminal acts committed under the doctrine of *respondeat superior*, which makes the principal liable to a third party for any loss caused by the principal's agent.

The statute insulates University Markham against any negligence liability here because it owns Park Plaza.  Jones Lang is insulated, too, because it's a tenant:  it leased the mall from University Markham and managed the premises.  Ark. Code. Ann. § 18-11-108(a) & (b).  None of the statute's exceptions applies.  Ark. Code. Ann. § 18-11-108(c). Sallam had no connection with the owner or the property manager.

As a matter of law, therefore, the mall's owner and the mall's manager had no duty to foresee, and guard against, Sallam's crimes.

Motion, *Doc. 20*, granted.  All Gregory's claims against University Markham and Jones Lang are dismissed with prejudice.  The deadline for proposing pleading amendments has passed.  *Doc. 13 at 1.* The unidentified John Does 1–3 and John Doe Entities 1–3 are dismissed without prejudice.  The case goes forward only against the security company, Universal Protection.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

26 June 2026